United States District Court for the Middle District of North Carolina

JARREL MAPP )
    Plaintiff )
vs. )
CITY OF GREENSBORO )
    Defendant )

Case No. 1:26CV200

**COMPLAINT**

FILED MAR 03 2026

## INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights, privileges, and immunities secured by the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution by the Defendant, CITY OF GREENSBORO.

2. This action arises from the unlawful seizure and removal of Plaintiff's personal property—a tow truck—from his private residence without a valid warrant, without a writ of possession, and without any prior notice or opportunity to be heard, in violation of his constitutional right to due process of law.

## PARTIES

3. Plaintiff, JARREL MAPP, is a natural person and a resident of Guilford County, North Carolina. At all times relevant to this Complaint, he was the lawful resident of the private property located at 3407 Terry Lane, Greensboro, NC 27405.

4. Defendant, CITY OF GREENSBORO, is a municipal corporation organized and existing under the laws of the State of North Carolina. The City of Greensboro, through its agents, employees, and/or instrumentalities (including its Code Enforcement Department), is responsible for the policies, customs, and practices that led to the deprivation of Plaintiff's rights as described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this district and all events or omissions giving rise to the claims occurred in Greensboro, which is located within this district.

## FACTUAL ALLEGATIONS

7. Plaintiff is the lawful resident of the private property located at 3407 Terry Lane, Greensboro, NC 27405.

8. On or about November 19, 2025, an agent of the Defendant, a City Code Enforcement officer, posted a "Notice of Intent to Remove Vehicle: (From Private Property)", Exhibit A, on Plaintiff's tow truck, which was parked on his private property. The notice stated the vehicle was considered a "junked motor vehicle" because it "cannot be self-propelled or moved in a manner it was intended to move."

9. On or about December 10, 2025, at approximately 2:06 p.m., a City Code Enforcement officer posted an "Affidavit To Obtain Administrative Inspection Warrant For Particular Condition Or Activity", Exhibit B on the door of Plaintiff's residence.

2

10. Attached to the affidavit was an "Administrative Inspection Warrant For Particular Condition Or Activity", Exhibit C which commanded and authorized the inspection of the property to determine if the vehicle could be self-propelled.

11. Later that same day, on December 10, 2025, at approximately 4:57 p.m., agents of the Defendant, including Kirk-Sineath Towing, acted under the color of state law and the authority of the City of Greensboro to tow and seize Plaintiff's vehicle from his private property.

12. Plaintiff submitted a Freedom of Information Act request to the Defendant regarding this incident.

13. The records produced by the Defendant in response to this request, including those related to Case Number 25-006254, revealed that no writ of possession was obtained by the Defendant prior to the seizure of Plaintiff's property. Furthermore, no hearing was held prior to the seizure, and Plaintiff was given no prior notice or opportunity to contest the removal of his vehicle.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF DUE PROCESS RIGHTS (42 U.S.C. § 1983)
(Fifth and Fourteenth Amendments)

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. The Fifth and Fourteenth Amendments to the United States Constitution guarantee that no state shall "deprive any person of life, liberty, or property, without due process of law."

16. Plaintiff possesses a fundamental property interest in his tow truck and its continued possession and use.

3

17. By seizing and removing Plaintiff's vehicle from his private property without providing him with prior notice, a pre-deprivation hearing, or obtaining a valid writ of possession, the Defendant, acting under color of state law, deprived Plaintiff of this protected property interest without due process of law.

18. The actions of the Defendant were intentional, reckless, and carried out pursuant to the customs, policies, and/or practices of the City of Greensboro.

19. As a direct and proximate result of this deprivation, Plaintiff has suffered damages, including the loss of his vehicle, loss of use of his vehicle, lost income, emotional distress, and other harms.

## COUNT II: UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

22. The seizure of Plaintiff's tow truck from the curtilage of his home constituted a seizure of his "effect" within the meaning of the Fourth Amendment.

23. This seizure was unreasonable because it was conducted without a valid warrant authorizing the seizure of the vehicle, without exigent circumstances, and without the legal process required by law.

24. As a direct and proximate result of this unreasonable seizure, Plaintiff has suffered damages, including the loss of his vehicle, loss of use of his vehicle, lost income, emotional distress, and other harms.

4

## COUNT III: VIOLATION OF RIGHT TO TRIAL BY JURY (42 U.S.C. § 1983)

### (Seventh Amendment)

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26. The Seventh Amendment to the United States Constitution preserves the right to trial by jury "In suits at common law, where the value in controversy shall exceed twenty dollars."

27. The Defendant's actions, as described herein, deprived Plaintiff of property with a value exceeding twenty dollars without affording him any opportunity for a judicial determination, including a trial by jury, regarding the validity of the seizure. The actions constituted an extrajudicial resolution of a dispute over Plaintiff's property rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JARREL MAPP, respectfully requests that this Court enter judgment against Defendant, CITY OF GREENSBORO, and award the following relief:

A. Compensatory damages in the amount of one hundred and fifty thousand dollars, ($150,000), for the loss of property, loss of use, lost income and business opportunities, and emotional distress;

B. Punitive damages against the Defendant in an amount sufficient to punish the Defendant for its willful, wanton, and reckless conduct and to deter such conduct in the future, in the amount of one hundred and fifty thousand dollars, ($150,000);

C. An order directing the Defendant to expunge all records related to this illegal tow;

D. An award of costs and disbursements incurred in connection with this action;

5

E. A declaration that the Defendant's actions violated Plaintiff's constitutional rights; and

F. Such other and further relief as the Court deems just and proper.

EXHIBIT A

    Notice of Intent to Remove Vehicle

EXHIBIT B

    Affidavit To Obtain Administrative Inspection Warrant For Particular Condition Or Activity

EXHIBIT C

    Administrative Inspection Warrant For Particular Condition Or Activity

EXHIBIT D

    The Plaintiff's Notice of Intent to Initiate Legal Action which was sent to the Defendant prior to this filing, is attached hereto as Exhibit A and incorporated herein by reference.

Sincerely,

By _____,

Jarrel Mapp
3407 Terry Lane
Greensboro NC 27405
(904)586-6343
mappjarrelemmett@gmail.com
March 3, 2026

6